O'Grady V



FILED
MAILROOM

APR – 6 2020

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE                    DISTRICT OF VIRGINIA

COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. § 1983

Action Number _____
(To be supplied by the Clerk, U.S. District
Court)

Please fill out this complaint form completely. The court needs the information requested in order to assure that your complaint is processed as quickly as possible and that all your claims are addressed. Please print/write legibly or type.

I. PARTIES

A. Plaintiff:

1: a. _Marquis Wilson_____ b. _1435580____
(name)                              (inmate number)

c. _Po Box 430 / ~~430~~_____
(address)

_Dillwyn, VA 23936_____

Plaintiff MUST keep the Clerk of Court notified of any change of address due to transfer or release. ~~If plaintiff fails to keep the Clerk informed of such changes, this action may be~~ dismissed.

B.    Defendant(s):

Plaintiff is advised that only persons acting under color of state law are proper defendants under section 1983. The Commonwealth of Virginia is immune under the Eleventh Amendment. Private parties such as attorneys and other inmates may not be sued under section 1983. In addition, liability under section 1983 requires personal action by the defendant that caused you harm. Normally, the Director of the Department of Corrections, wardens and sheriffs are not liable under section 1983 just because they supervise persons who may have violated your rights. These persons are liable only if they were personally involved in the alleged deprivation. In addition, prisons, jails, and departments within an institution are not persons under section 1983.



RECEIVED
APR 15 2020
CLERK

1. a. HAROLD W. CLARKS    b. VDOC DiRECTOR
   (name)                    (title/job description)

   c. 6900 ATMORS DR
   (address)

   RicHmond VA 23225    STATEWIDE

2. a. BARRY MARANO    b. SW ADA Coordinator
   (name)                    (title/job description)

   c. 6900 ATmors Dr.
   (address)

   RicHmond. VA 23225

3. a. MR G SINK    b. ADA Coordinator
   (name)                    (title/job description)

   c. 1349 Correctional Center Rd
   (address)

   Dillwyn VA 23936

If there are additional defendants, please list them on a separate sheet of paper. Provide all identifying information for each defendant named.

Plaintiff MUST provide an address for defendant(s) in order for the court to serve the complaint. If the plaintiff does not provide an address for a defendant, that person may be dismissed as a party to this action.

In addition, plaintiff MUST provide a copy of the completed complaint and any attachments for EACH defendant named.

II. PREVIOUS LAWSUITS

A. Have you ever begun other lawsuits in any state or federal court relating to your imprisonment? Yes [X] No [ ]

B. If your answer to A is YES: You must describe any lawsuit, whether currently pending or closed, in the space below. [If there is more than one lawsuit, you must describe each lawsuit on another sheet of paper, using the same outline, and attach hereto.]

1. Parties to previous lawsuit:

MARquis R. Wilson

Plaintiff (s) ~~HAROLD W. CLARKE, DR~~

Defendant (s) HAROLd W. CLARKE, Dr MARK Amonette, BARRy MARANO, Eddie L. PEARSON, StEpHAins RobERTson

2. Court [if federal court, name the district; if state court, name the county]: EASTERN DISTRICT OF VIRGINIA

3. Date lawsuit filed: At or ABOUT 6-13-2016

4. Docket number: 1:17-CV-1487

5. Name of Judge to whom case was assigned:

Judge FERNANDO GALINDO

6. Disposition [Was case dismissed? Appealed? Is it still pending? What relief was granted, if any?]:

DISMISSED

## III. GRIEVANCE PROCEDURE

A. At what institution did the events concerning your current complaint take place?

Buckingham CoRRSCTioNAl CENTER

B. Does the institution listed in A have a grievance procedure? Yes [X] No [ ]

C. If your answer to B is YES:

1. Did you file a grievance based on this complaint? Yes [X] No [ ]

2. If so, where and when (BKCC) DEC 7, 2019

3. What was the result? UNFOUNDED

4. Did you appeal? Yes [X] No [ ]

5. Result of appeal: _All administrative Remedies_
_Have been Exhausted Regarding this issue_

D.   If there was no prison grievance procedure in the institution, did you complain to the prison authorities?  Yes [ ] No [ ]

If your answer is YES:   What steps did you take?

_____

E.   If you answer is NO, explain why you did not submit your complaint to the prison authorities.

_____

IV.   STATEMENT OF CLAIM:

   [State here as briefly as possible the facts of your case.  Describe how each defedant is involved and how you were harmed by their actions.  Also include the names of any other persons involved, dates and places of events.  You may cite constitutional amendments you allege were violated, but do not give any legal arguments or cite any cases or statutes.
   If you intend to allege several related claims, number and set forth each claim in a separate paragraph.  (Attach additional sheets if necessary.)]

_Statement of Claim Attached_

## V. RELIEF

I understand that in a section 1983 action, the Court cannot change my sentence, release me from custody or restore good time. I understand I should file a petition for a writ of habeas corpus if I desire this type of relief. _MRW_ [please initial]

The plaintiff wants the Court to: [check the remedies you seek]

_X_ award money damages in the amount of $ _$5000.00_

_✓_ grant injunctive relief by _It DEEMS Appropriate to Remedy PAST Violations._

_✓_ Other _THAT THIS COURTS qward PlAiNtiff qny Futher RSlieF deamed appropriate_

## VI. PLACES OF INCARCERATION

Please list the institutions at which you were incarcerated during the last six months. If you were transferred during this period, list the date(s) of transfer. Provide an address for each institution.

_GREN ROCK CORRECTIONAl CENTER_
_PO BOX 1000_                      _(~AT OR ABOUT_
_CHATHAM, VA 24531_               _9-4-2019)_

## VII. CONSENT

CONSENT TO TRIAL BY A MAGISTRATE JUDGE: The parties are advised of their right, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge preside over a trial, with appeal to the U.S. Court of Appeals for the Fourth Circuit.

Do you consent to proceed before a U.S. Magistrate Judge: Yes [ ] No [ ]. You may consent at any time; however, an early consent is encouraged.

## VIII. SIGNATURE

If there is more than one plaintiff, each plaintiff must sign for himself of herself.

Signed this _23_ day of _MARCH_, 19 _2020_

Plaintiff _____

## IN FORMA PAUPERIS AFFIDAVIT

I hereby apply for leave to proceed with this complaint without prepayment of fees or costs or giving security therefore.  In support of my application, I state under oath that the following facts are true:

1. I am the plaintiff in this complaint, and I believe that I am entitled to redress.

2. I am unable to prepay the costs of said action or give security therefore, because:
   I only recieve $80 Dollars a month from Family without Job From institution

3. I have no assets or funds which could be used to prepay the loan or costs except:
   Correct!! - None

(Write "none" above if you have nothing; otherwise, list your assets)

Signature of Plaintiff

"I declare under penalty of perjury that the foregoing is true and correct."

Executed on this 23 day of MARCH, 19 2020

Signature of Plaintiff

IT IS NO LONGER NECESSARY TO HAVE YOUR PETITION NOTARIZED.

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $_____ on account too his credit at the penal institution where he is confined.  I further certify that the petitioner, likewise has the following sureties to his credit according to the records of said penal institution.

_____

_____

Authorized Officer of Penal
Institution

IN THE United States District
Court For THE EASTERN District
OF Virginia

Richmond Division

MARquis Wilson,
        PLAINTIFF,

                    Civil Action No: _____
                    DEMAND FOR jury TRAIL

VS.
Virginia Department OF Corr.
Harold W. Clarke, VDOC Director,
DR. Mark Amonette, MD. VDOC Chief Physician
Barry Marano, VDOC (SW) ADA Coordinator
MR Woodson, Lead Warden (BKCC)
MR J. Snoddy, Assistant Wardsn (BKCC
MR G. Sink, ADA Coordinator, UM Build C/D
Major K Goldman, Chief Of Security
MS B. Trent, Chief Of Housing & Programs
Mc C. Bryant, Institutional OpR. Mgr
DR Ohio, Institutional Chief Physician
DR Quinn, Psychologist Senior
MR. J. Lynch, UM, A/B
MR AND MS JOHN DOS
        Defendants.

Complaint Under Civil Right Act, 42 USC
§ 1983

I   Parties
A.   Plaintiff:

1. Plaintiff, Marquis Wilson ("Plaintiff") #745589 pro se, at all times relevant to this Complaint, was a prisoner at (BKCC) 1349 Correctional Center Road, Dillwyn, VA 23936, A Level 3 facility within the Virginia Dept. of Correction ("VDOC").

B.   Defendant(s):

1. Defendant; Harold W. Clarke ("Clarke"), Dir. Virginia Department of Corrections, 6900 Atmore Drive, Richmond, VA 23225, is responsible for day-to-day operations of (VDOC). Clarke is aware of VDOC policies and procedures regarding deaf, hard of hearing, and vision impaired individuals. Clarke's primary duty is to oversee VDOC employees and its system of state correctional facilities. Clarke has authority to establish, alter, and ➤

②

implement VDOC policies and procedures. At all times relevant to this complaint, Clarke was acting under color of state and ~~federal~~ law. He is sued in his individual and official capacities.

2. Defendant; Dr Mark Amonette MD ("Amonette") VDOC Chief Physician 6900 Atmore Dr, Richmond Virginia 23225, is responsible for the oversight of medical services, including (ADA) accommodations, provided to prisoners in VDOC facilities at all times relevant to this complaint. Amonette is aware and responsible for planning, budgeting and supervising all of the health care providers employed or contracted by the VDOC. Amonette is acting under color of state and ~~federal~~ law. He is sued in his ~~federal~~ individual and official capacities.

3. Defendant; Mr Woodson ("Woodson") Lead Warden, Buckingham Correctional Center (BKCC), 1349 Correctional ~~Cent~~ Center Rd Dillwyn, VA 23936, ~~was~~ was the highest ranking official at (BKCC) all times →

③

IV. Statement of Claim

Preliminary Statement

1. This is a civil rights action brought pursuant to 42 USC § 1983, under the jurisdiction of §§ 1331 & 1343, to vindicate Plaintiff's rights under the Americans with disabilities Act ("ADA"), the Rehabilitations Act ("RA"), the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the First and Fourteenth Amendments to the Constitution of the United States.

2. Plaintiff, a Virginia prisoner proceeding pro se, alleges that the named defendants Herein willfully refused to comply with VDOC Operating Procedures, and State and Federal law, including the ADA, RA, and RLUIPA By Arbitrarily denying Plaintiff's many entreaties VDOC authorized and Medically Recommended Auxiliary Hearing accommodation equipment, Prescribed Single cell status and to assist Plaintiff with his Communication due

④

to His HEARING impairment and or
dicabilities.

3. Moreover, Plaintiff, who is a Hard
OF Hearing individual, asserts that
because of the named defendants'
deliberate Indifference to His
~~disability~~ disability needs, Plaintiff
Has been discrimetorily deprived of,
and continues to be deprived of,
His constitutional Rights to free
exercise of His Religion in a ~~manner~~
manner ~~eq~~ equivalent to that of
others similarly situated ~~model~~
individual.

STATEMENT OF THE FACTS

4. Virginia Department of Corrections
("VDOC") is the Virginia state
agency responsible for the super-
vision and custody of over 30,000
incarcerated individuals.

5. Upon information and belief, the "VDOC"
provides Housing and accommodations
for than ~~$~~1000 prisoners who <u>vison impaired</u>
qualify as Hard of Hearing, or disabled

⑤

under the protection of the
Americans with Disabilities Act.

6. Upon information and belief, the
"VDOC" determines the medical
accommodations, including ~~ADA~~ "ADA"
Auxiliary accommodations, prisoners may
receive and medical staff has little if
not no authority to overide VDOC
Criteria.

7. Upon information and belief, VDOC
Operating Procedures 841 G and
801.3 governs ~~those~~ those who are
unable to hear well enough, vision
impaired, mental impairment, or would
otherwise be define as disabled
who qualify as individuals with
disabilities under the Americans
with Disabilities Act as by ~~the~~ the
ADA Amendment of 2008."

8. Plaintiff is a qualified ~~~~ individual
with mental illness and Hard of
Hearing disabilies within the meaning
of Title II of the ADA, 42 U.S.C. § 12131(2),
and the Rehabilitation Act, 29 U.S.C.
~~Section § 794(a)~~ Section 705 (20).

⑥

9. Upon information and belief, the VDOC receive federal financial assistance within the meaning of 27 USC. § 794 (9).

10. Upon information and belief, Buckingham Correctional Center now ~~formerly~~ Houses Virginian's prison population with ADA Recognized disabilities.

⑪ On or About 9/5/2019 ~~Plaintiff~~ Plaintiff was transferred from Greenrock Corr Center ("GRCC") to ("BKCC") For medical treatment.

12. Upon information and belief, Auxiliary accommodations are distributed by "VDOC" officials to deaf and Hard of Hearing individuals from (Keefe) Third party purchase due to the fact that "Keefe" is VDOC dependable Vender!!

13. Upon Plaintiff's arrival to (BKCC) plaintiff was assigned to general population pod in (BKCC) and still live or is assigned to general population whereas

⑦

Special therapeutic medical need or not being meet neither is plaintiff plaintiff recieving medical treatment for his vision impairment, mental health, CTS, PTSD, and or Hearing impairment.

Violation of the Virginians with Disabilities Act
(Code of Virginia § 51.5 - 40)

1. Plaintiff REAlleage and incorporate by reference each and every allegation above as if fully set forth herein.

A. The Virginian Virginians with disabilities Act Requires that no "qualified person with a disatility shall, on the basis of, disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any programs or activity receiving state financial Assistance or under any program or activity conducted by or on behalf of any state agency." Code of Virginia § 51.5 - 40.

8

B. THE operation of defendants and their ~~depres~~ departments, agencies, and instrumentalities are programs or activities within meaning of Code of Virginia. § 51.5-40.

C. At all times relevant to this action, the Virginians with Disabilities Act was in full force and effect in the United States and plaintiff had a right not to be subjected to discrimination on the basis of ~~this~~ their disability by defendants. Code of ~~Virgi~~ Virginia § 51.5-40.

D. Defendants, acting under color of Virginia law, subjected Plaintiff to discrimination solely on the basis of his disability, in violation of his rights under the Virginian with ~~Disabi~~ Disabilities Act. They have done this by failing to provide effective communication and adequate access to qualified sign interpreters and other auxiliary aids and services.

⑨

F.  Defendant's Failures to provide
    effective communication for individuals
    with vision, Deaf, or Hard of Hearing
    disabilities denied and continues to deny,
    solely on the basis of their disability,
    Plaintiff the same access to defendant's
    services, benefits, activities, programs, and
    privileges as the access provided to
    Hearing and vision ~~and~~ individuals.

G.  On information and Belief, the failure
    to provide effective communications
    and the failure to provide comparable
    access to services, benefits, activities,
    programs, or privileges are policies,
    regular practices and/or customs of
    Defendants. These failures are ongoing
    and continue to this date.

       Violation of Code of Virginia
    § 2.2-3401

    1.  Plaintiff realleges and incorporates
        by reference each and every
        allegation above as if fully set forth
        Herein.

(16)

2. THE Code of Virginia requires that whenever a deaf person applies for or receives any license, service, assistance or other rights or benefit provided by a state agency, the agency shall either request the Department for the Deaf and Hard-of-Hearing to appoint a qualified interpreter for the Deaf or appoint such an interpreter from the list of qualified interpreters maintained by the Department to assist the deaf person in communicating with agency personnel." Code of Virginia § 2.2-3401(B).

3. VDOC, Community Corrections, VC Enterprises, VC Education, VCUHS, MCV, and Powatan, PSCC, BKCC, GCC, GRCC are state agencies that provides services, assistance, and benefits to the Plaintiff within the meaning of Code of Virginia § 2.2-3400. THESE SERVICES, assistance and benefits include but are no limited to: Classes and programs offered by VDOC, VC Education and VC Enterprises, Medical services offered by "VDOC", VCUHS and MCV, Religious services, ~~meaning~~

⑪

Means of external communications; and
communication with "VDOC" personnel.

4. Plaintiff Have requested services, assis-
tance, and benefits from defendants,
including but not limited to, the
services, assistance, and benefits alleged
above and Have requested that
interpreters be provided.

5. Defendants, through their policies and
practices, consistently fail to provide
adequate access to signs for the
vision impaired Deaf, and/or Hard of
Hearing individuals in VDOC's
Custody, control, and supervision, in
violation of Code of Virginia § 2.2-3401.

6. Defendant's failure to comply with
Code of Virginia Has resulted in harm
to Plaintiff, and defendants are liable
to Plaintiff for Harms suffered.
Defendant's failure to comply with
the Code of Virginia will continue
to result in harm to Plaintiff, as
Plaintiff will continue to be in
the custody or supervision of

(12)

VDOC and will continue to attempt
to use or avail themselves of the
services, benefits, activities, programs,
and privileges of Defendants. This
harm will continue unless and until
defendants are ordered by the courts
to make modifications to their policies,
practices, and procedures pursuant to
the Code of Virginia.

Violation of the Religious Land
Use Institutionalized Person Act of
2000 " Substantial Burden on
Religious Exercise"
(42 U.S.C. § 2000 cc et seq.)


1. Plaintiff realleges and incorporate by
reference each and every allegation
above as if fully set forth herein.

A. Governments may not impose subst-
antial burden on the religious
exercises of institutionalized person
even if the burden results from a
rule of general applicability.
42 U.S.C. § 2000 cc - 1-(a)

(13)

B. Plaintiff is a "institutionalized
person" within the meaning of
the Religious Land Use and
Institutionalized Person Act of 2000,
42 USC § 2000cc -1.

C. As a department, agency, or ~~instrument~~ instrumentality of the Commonwealth of
Virginia, VDOC is a government within
the Meaning of the Religious Land Use
and Institutionalized Person Act of
2000 ("RLUIPA), 42 USC § 2000cc-5(4).

D. The Claims under (RLUIPA) are
brought against VDOC ~~and~~ Defendants
in their official capacities as employees
of VDOC and VDOC.

E. VDOC and the VDOC (RLUIPA)
defendants have deprived and continue
to deprive Plaintiff of His rights
to the free exercise of Religion,
as secured by (RLUIPA) by unlawfully
imposing a substantial burden on
Plaintiff Religious exercise. They have
done this by failing to provide
interpreters or other means for

(14)

Enabling Plaintiff to Effectively
Communicate at weekly worship services.
THs Substantial burden VDOC (RLUIPA)
defendants and VDOC Have imposed
on Plaintiff Religious Exercise affects
~~peopl~~ programs or Activities that
~~RECEIVE~~ Receive Federal Financial
assistance.

F. VDOC and the VDOC (RLUIPA)
Defendant's failure to comply with
( RLUIPA) Has Resulted in Harm to
Plaintiff, and will continue to result in
harm to ~~Plaintiff~~ Plaintiff, as Plaintiff
will continue to be in VDOC's custody
and continue to participate in weekly
~~wor~~ worship services unless and until
VDOC and (VDOC RLUIPA) defendants
are ordered ~~the~~ By tHs Courts to
MAKE Modifications to VDOC policies,
practices, and ~~prod~~ procedures pursuant
to (RLUIPA).

(15)

Violation of the United States Constitution Freedom from Cruel and Unusual Punishment: Eighth and Fourteenth Amendments (42 USC. § 1983)

1. Plaintiff Reallege and incorporate by reference each and every allegation above as if fully set forth herein.

2. Under the Eighth and Fourteenth Amendment of the United States Constitution, excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted" U.S. Const. amend. VIII

3. VDOC named defendants here, in their individuals and official capacities, deprived and continue to deprive Plaintiff of his Right to be free from cruel and unusual punishment as secured by the Eighth Amendment to the United States Constitution and made applicable to the States by the Fourteenth Amendment.

4. VDOC & NAMED defendants Have
systematically denied Plaintiff access
to basic Human Services and and vital
information during His incarceration at
Buckingham Correctional Center (BKCC).
VDOC NAMED defendants Have failed
to Notify Plaintiff of prison alerts,
announcements, and safety safety
instructions. VDOC NAMED defendants
refuse to provide Plaintiff with
individual Hearing devices. Moreover, VDOC
NAMED defendants Have Not provided
effective communication between Plaintiff
and prison officials and the medical
staff at VDOC and MCV. VDOC NAMED
defendants actions place Plaintiff at a
substantial Risk of Serious future Harm.

5. VDOC NAMED defendants have actual
Knowledge of the unconstitutional
conditions to which Plaintiff was,
and continue to be, subject, as plaintiff
Have submitted numerous written complaints
to VDOC staff requesting auxiliary aids
and services be made available to Him
and that an Alternative Notification system
be installed.

(17)

6. Despite VDOC Named defendants actual Knowledge of the substantial Medical and safety Risk Plaintiff face while in their Custody, they continue to disregand Plaintiff Medical and Other Needs in Violation of the Eighth and Fourteenth Amendments of the United States Constitution.

7. VDOC Named defendant's failure to comply with the Eighth Eighth and Fourteenth Amendments of the United States Constitution Has resulted in harm to Plaintiff, and will continue to Result in harm to Plaintiff, as Plaintiff will Remain in the Custody of VDOC and continue to attempt to avail themselves of Medical treatment and other services unless and until VDOC Named defendants are ordered by the Court to Make Modifications to their policies, practices and procedures pursuant to the Eighth and Fourteenth Amendments of the United States Constitution.

G.   Violation of the United States Constitution Free Exercise of Religion: First and Fourteenth Amendments (42 USC, § 1983)

1.   Plaintiff oscillage and incorporats by reference each and every allegation above as if fully set forth herein.

2.   Under the First and Fourteenth Amend. of the United States Constitution, State "shall make no law respecting an establishment of Religion, or prohibiting the free exercise thereof" US const. amend. I.

3.   VDOC named defendants in their individual and official capacities deprived and continues to deprive plaintiff of his Free Exercise of Religion, as secured by the First Amendment to the United States Constitution and made applicable to the States by the Fourteenth Amendment, by discriminating against plaintiff because of his mode of speech and by substanially burdening his religious exercise.

(19)

4. VDOC NAMED deFendants Failure to comply with the First and Fourteenth Amendments of the United States Constitution has Resulted in Harm to Plaintiff, and will continue to Result in harm to Plaintiff as Plaintiff will Remain in the custody of VDOC and continue to attempt to participate in weekly Worship services unless and until VDOC NAMED defendants are ordered by the courts to make Modifications to their policies, practices, and procedures pursuant to the First and Fourteenth Amendments of the United States. Constitution.

H.    Violation of the Constitution of Virginia Free Exercise of Religion; Constitution of Virginia Article I, section 16

1. Under the Article I, Section 16 of the Constitution of Virginia, all men are equally entitled to the Free Exercise of Religion ➝

(20)

and no man shall be compelled to frequent or support any religious worship, place, or ministry whatsoever, nor shall be enforced, restrained, molested, or burden in his body or goods, nor shall otherwise suffer on account of his religious opinions or belief." Va Const art. 1 § 16.

2. VDOC, named defendants have failed to provide signs or other means for plaintiff to participate in weekly religious services at BKCC, ~~GRCC~~ GRCC, PSCC. Plaintiff must rely on volunteer to participate in these services.

3. VDOC named defendants have deprived and continue to deprive plaintiff of his rights to free exercise of religion, as secured by Article 1, Section 16 of the Constitution of Virginia, by discriminating against plaintiff because of their speech and by substantially burdening his religious exercise.

4.  VDOC NAMED defendants failure
to comply with Article I, Section 16
of the Constitution of Virginia
Has resulted in Harm to
Plaintiff, and will continue to
result in Harm to Plaintiff, as
Plaintiff will remain in the custody
of VDOC and continue to Attempt
to participate in weekly
Worship services unless and until
VDOC, VDOC NAMED defendents
failure to comply with Article I
Section 16 of the Constitution of
Virginia Has resulted in Harm
to Plaintiff, and will continue to
Result in Harm to Plaintiff, as
Plaintiff will remain in the custody
of VDOC and continue to Attempt
to participate in weekly worship
services unless and until VDOC,
VDOC NAMED Defendents are
ordered by the Courts to MAKE
Modification to their policies,
practices, and procedures pursuant
to Article I Section 16 of the
Constitution of Virginia.

I. PRAYER FOR RELIEF

A. WHEREFORE, Plaintiff RESPECTFULLY REQUEST THAT:

1. THE Court determine that this action MAY proceed as a pro se pursuant to Federal Rules of Civil Procedures;

2. THE Court appoint counsel pursuant to Federal Rule under the AMERICANS WITH Disabilities Act Title II

3. THE Court adjudge and decree that defendants, by the organizations systems, policies, practices, and conditions described above, have violated and continue to violate Title II of the (ADA), Section 504 of the Rehabilitation Act, the Virginians with Disabilities Act, Section 2.2-3401 of the Code of Virginia, the Religious Land Use Institutionalized Person Act, and the Constitutions of the United States and the Commonwealth of Virginia;

(23)

4. THIs Court ENTER such declaRATory and injuctive relieF against Defendants and in FAVOR oF Plaintiff as it deems Appropriate to REMedy pAst violations of tHE SAME;

5. Judgment be ENtered against defendants iN favor of Plaintiff For such NOMINAl, COMPENSATory, and punitive damages sufferEd by Plaintiff under Section 504 oF tHE RetTabilitation Act and Code of Va. § 51.5-40 and 42 U.SC. § 1983 iN a amount to be determined at Trail;

6. Judgment be ENtered against defendants iN favor of plaintiff For tHE cost of litigation including REASONable attorneys' FEES under Code of Va. § 51.5-46

7. THE Court retain jurisdiction oF this matter until defendants demonstrate tHat they HAVe fully Complied with tHE ORDER of tHis Court, and that there is a REASONAble assurance tHat defendants will →

(24)

continue to comply in the future absent continuing jurisdiction; and

8. The Court award Plaintiff any further relief the Court deems appropriate.

J. Jury Trail Demand

7. Plaintiff by counsel and pursuant to Federal Rule of Civil Procedure 38(b), Hereby demand a trail by jury on all claims so triable in this Action.

SIGNED

3-23-2020

25